Tommy SF Wang (SBN: 272409)
Edward Lu (SBN: 333657)
WANG IP LAW GROUP, P.C.
18645 E. Gale Ave., Suite 205
City of Industry, CA 91748
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@thewangiplaw.com,
elu@thewangiplaw.com

Attorneys for Plaintiff,
EP Family Corp.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EP FAMILY CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE KICK, INC., a Colorado corporation,<br><br>Defendant. | Case No.: 2:25-cv-01568<br><br>**COMPLAINT** |

Plaintiff EP Family Corp. ("Plaintiff") by and through its attorneys, for its Complaint against Defendant Office Kick, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 10,244,861 (the "'861 Patent"), 10,568,416 (the "'416 Patent"), 10,575,630 (the "'630 Patent"), 11,134,773 (the "'773 Patent"), 11,134,774 (the "'774 Patent"), 11,140,977 (the "'977 Patent"),147,366 (the "'366 Patent"), 11,160,367 (the "'367 Patent"), 11,388,989 (the "'989 Patent"), 11,464,325 (the "'325 Patent"), 11,470,959 (the "'959 Patent"), 11,800,927 (the "'927 Patent"), 11,857,073 (the "'073 Patent"), 11,864,654 (the "'654 Patent"),

11,925,264 (the "'264 Patent"), 11,944,196 (the "'196 Patent"), 11,950,699 (the "'699 Patent"), 11,980,289 (the "'289 Patent"), 12,082,695 (the "'695 Patent"), 12,082,696 (the "'696 Patent"), 12,102,229 (the "'229 Patent"), and 12,121,149 (the "'149 Patent") (collectively, the "OKI Patents"). True and correct copies of OKI's Patents are attached hereto as Exhibits 1-22, respectively.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

3. Personal jurisdiction over Defendant is proper in this District because it has availed itself of the rights and benefits of the laws of California and it has conducted business relating to the licensing and enforcement of patents in California. Defendant has filed reports and complaints, alleging infringement of various patents, including the '654 Patent, against Plaintiff's business operating from this District.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, has directed its business, licensing, and enforcement activities at this judicial district, and a substantial part of the events that give rise to the claim occur within this judicial district.

## THE PARTIES

5. Plaintiff is a corporation organized under the laws of the State of California, with its principal place of business located at 20687 Amar Rd, Ste 2-832, Walnut, CA 91748.

6. On information and belief, Defendant is a corporation organized under the laws of the State of Colorado, with its principal place of business located at 1942 Broadway Ste 314C, Boulder, CO 80302.

## STATEMENT OF FACTS

**The OKI Patents**

7. All of the OKI Patents are entitled Desktop Workspace that Adjusts Vertically, name Nathan Mark Poniatowski as the inventor and Defendant as the assignee, are part of the same patent family, and are directed to a desktop workspace that adjusts vertically.

**Existence of an Actual Controversy**

8. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202.

9. On or around January 24, 2024, Plaintiff initiated a suit against Defendant in the Central District of California, Case No. 2:24-cv-00667 AB (PVCx) (the "Original Suit), for declaratory judgment of non-infringement of United States Patent Nos. 11,849,843 (the "'843 Patent"), which was later amended to also seek a declaratory judgment of non-infringement against United States Patent No. 11,910,926 (the "'926 Patent"). The Original Suit was recently stayed pending resolution of *inter partes* review proceedings filed with the Patent Trial and Appeal Board seeking cancellation of the '843 and '926 Patents.

10. On or around January 9, 2025, Plaintiff was notified by Amazon of a report of patent infringement filed by Defendant alleging that Plaintiff's product sold under ASINs B095W87Z6K, B0BPND59R6, B095W8MDZP, B0B8N6168T, B09M9LR6YV, B0BNG1RN9R, B0BHL5YB5K, B0B1VF2H2J, and B08MHTR2TF ("Plaintiff's Accused Product"), infringes upon Defendant's '654 Patent.

11. On or around January 10, 2025, Plaintiff submitted a response to Amazon refuting the infringement report, but was advised by Amazon that Plaintiff's only recourses were to seek retraction of the report from Defendant or pursue a federal Complaint for declaratory relief.

12. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's Accused Product infringes any of

the OKI Patents.

13. Absent a declaration of non-infringement or invalidity, Defendant will continue to wrongfully allege that Plaintiff's Accused Product infringe upon the OKI Patents, and thereby cause Plaintiff irreparable injury and damage.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the OKI Patents)

14. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

15. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the OKI Patents.

16. Plaintiff's Accused Product does not infringe, literally or under the doctrine of equivalents, any of the valid claims of the OKI Patents.

17. Plaintiff is not infringing, and has never infringed, any valid claim of the OKI Patents, either directly or indirectly, or either literally or under the doctrine of equivalents.

18. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding Plaintiff's Accused Product and the OKI Patents.

19. Plaintiff is entitled to a declaratory judgment that Plaintiff has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the OKI Patents under 25 U.S.C. §271.

## COUNT II
### (Declaratory Judgment of Invalidity of the OKI Patents)

20. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment of invalidity of the OKI Patents.

22. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the validity of the OKI Patents.

*23.* Plaintiff is entitled to a declaratory judgment that the claims of the OKI Patents are invalid for failure to meet the Conditions for Patentability set forth in 35 U.S.C. § 101 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Adjudging that Plaintiff's Accused Product has not infringed, and is not infringing, either directly or indirectly, any valid and enforceable claim of any of the OKI Patents, in violation of 35 U.S.C. § 271;

2. Adjudging that each of the claims of the OKI Patents is invalid;

3. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff's Accused Product infringes any claims of any of the OKI Patents or from instituting or initiating any action or proceeding alleging infringement of any claims of any of the OKI Patents against Plaintiff or any customers, manufacturers, users, importers, or sellers of Plaintiff's Accused Product;

4. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

5. That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems just and proper.

Dated: February 24, 2025

Respectfully submitted,

*/s/ Tommy SF Wang*
Tommy SF Wang
Edward Lu
Attorneys for Plaintiff,
EP Family Corp.